**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4697**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

JOHN K. MOORE,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.    Malcolm J. Howard, District Judge.  (CR-04-304)

———————

Submitted:  March 17, 2006            Decided:  March 30, 2006

———————

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Kenneth Moore appeals his thirty-seven-month sentence imposed after he pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000), possession of a firearm by an individual subject to a domestic violence protection order, 18 U.S.C. § 922(g)(8) (2000), and possession of a firearm by an individual convicted of misdemeanor domestic violence, 18 U.S.C. § 922(g)(9) (2000). He contends on appeal that his sentence violates United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). We affirm.

Moore maintains that his sentence is unreasonable in light of his exemplary work history and his family responsibilities. Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court "must consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). The court should consider the sentencing range along with the other factors identified in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47 (citations omitted).

In sentencing Moore, the district court considered the properly calculated guideline range and the factors in § 3553(a).

Moore's sentence is within that guideline range and below the ten-year statutory maximum to which he was subject. <u>See</u> 18 U.S.C. § 924(a)(2)(2000). We conclude that Moore's sentence is reasonable.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>